(95 South. 200)

## SPARKS v. STATE.    (6 Div. 45.)

(Court of Appeals of Alabama.    Dec. 19, 1922. Rehearing Denied Jan. 9, 1923.)

1. **Intoxicating liquors** ☞233(2)—**Defendant's explanation that he "didn't know a damn thing about" liquor found on his premises held admissible.**

Where, in a prosecution for possessing intoxicating liquors, a witness, after stating he had searched the barn of accused and found liquor in question, testified that he saw accused there and had a conversation with him, that he did not threaten accused, etc., who said "he didn't know a damn thing about it," *held* a proper predicate was laid, and it was competent for the state to show what *accused* said regarding the whisky found on the premises.

2. **Criminal law** ☞1171(6)—**Remarks of prosecuting attorney held not prejudicial.**

The remarks of prosecuting attorney, in prosecution for violation of the prohibition laws, that "the defendant is a bootlegger and was being defended by a bootlegger's lawyer," *held* not prejudicial argument under the facts of the case, warranting a reversal.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Hubert Sparks was convicted of a violation of the prohibition laws, and he appeals. Affirmed.

Certiorari denied, Ex parte Sparks, 209 Ala. 106, 95 South. 201.

One Lambert, a witness for the state, after stating that he had searched the barn of the defendant and found the liquor in question, testified that he saw the defendant there and had a conversation with him; that—

"I did not threaten him, offer him anything, hold out any inducement to him to get him to talk. He said that he had the barn rented with the exception of the office room; that he had exclusive control of it except the office room. The whisky wasn't in the office. He denied knowing anything about the whisky. He said he didn't know a damn thing about it."

The defendant objected to the statement of the witness that defendant said "he didn't

know a damn thing about it," and moved its exclusion. The motion was overruled by the trial court, and defendant excepted.

Wm. E. James, of Cullman, for appellant.

Counsel argues for error in the refusal of the court to exclude the statement of the witness Lambert as to what the defendant said to the witness, and in the refusal of the court to exclude the remarks of the state's solicitor that "the defendant is a bootlegger and was being defended by a bootleggers' lawyer." 16 Ala. App. 61, 75 South. 267; 74 Ala. 386; 17 Ala. App. 178, 84 South. 638; 17 Ala. App. 500.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] The affidavit charged the possession of prohibited liquors, and the evidence for the state tended to establish this charge.

A proper predicate having been laid, it was competent for the state to show by its witness what the defendant said regarding the whisky found on premises in his possession or under his control.

[2] The remark of the solicitor during his argument to the jury that "the defendant is a bootlegger, and was being defended by a bootlegger's lawyer," was not such prejudicial argument, as, under the facts in this case, would warrant a reversal.

We find no error in the record, and the judgment is affirmed.

Affirmed.

MERRITT, J., not sitting.